HEARING DATE: 10/23/2018
HEARING TIME: 9:30 AM
HEARING PLACE: Utica, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

STEPHANIE A. MAZLOOM,

Debtor.

**ATTORNEY'S AFFIRMATION**

Case No.: 18-60206-6

Chapter 7

Jay G. Williams III, Esq., an attorney duly admitted to practice in this Court, hereby affirms and states under penalty of perjury, as follows:

1. I am the attorney for the above captioned Debtor. I make this Affirmation in support of the application of the Debtor for an order of this Court, pursuant to 11 U.S.C. §524: (1) finding a willful violation of the discharge injunction; and (2) imposing sanctions and monetary penalties in the form of actual damages and attorney's fees.

2. The Debtor filed a Chapter 7 Petition for Bankruptcy on February 21, 2018 (Case No. 18-60206-6). This Court issued an Order of Discharge on June 6, 2018 and the case was subsequently closed on June 26, 2018. Debtor filed a motion to reopen on September 25, 2018 and an Order Reopening Case was issued by this Court on September 28, 2018.

3. ReliaMax Lending Services, LLC (the "Creditor") was listed as a creditor in the case and received notice from the Court of the commencement of this case.

4. On or about May 26th, July 23rd, July 27th and August 29, 2018, the Creditor served upon the Debtor a collection notice (see Affidavit of Debtor Exhibit "A") despite the fact that the Creditor was listed on the Petition. Therefore, the Creditor's actions are in direct violation of the discharge injunction (see attached Affidavit of Debtor as **Exhibit "1"**).

5. The discharge injunction is to protect debtors from harassment from creditors once their case has been discharged.

6. The Order of Discharge states:

> **Creditors cannot collect discharged debts**
> This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

7. Section 542 (a)(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

8. Section 542(i) is also an enforcement statute, imposing sanctions to ensure obedience to the automatic stay. It is, therefore, intended to both enforce the stay and punish those who violate same. It states "The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor."

9. Upon information and belief, the Debtor has suffered actual material damages in the form of emotional distress by reason of the action of the Creditor. The Creditor denied the Debtor the right to be free of creditor collection pressure guaranteed by the Bankruptcy Code.

10. The Debtor is also entitled to attorney's fees incurred by a debtor asserting its discharge injunction rights even if there are no damages apart from attorney's fees. An award of attorney's fees serves as a deterrent effect on the creditor community. *In re: Wright*, 328 B.R. 660, 663; 2005 Bankr. LEXIS 1504 (Bankr. E.D.N.Y. 2005).

11. By reason of the foregoing violation, the Court should impose sanctions and monetary penalties on the Creditor in the form of recovery of actual damages from the Creditor.

12. Your Affirmant wrote to the Creditor on June 8, 2018 and requested that it cease and desist from all further collection actions regarding the Debtor (see attached Affidavit of Debtor Exhibit "B").

13. ReliaMax is seeking collection of a non-Federally guaranteed student loan for an overseas for-profit medical school. By reason of its status, this student loan was subject to discharge.

14. Therefore, the Debtor requests an order of this Court, as against ReliaMax Lending Services, LLC:

   (1) Finding a willful violation of the automatic stay;

   (2) Imposing sanctions in the form of actual damages;

   (3) Imposing sanctions in the form of attorney's fees;

   (4) Imposing sanctions in the form of costs of this motion.

Dated: October 2, 2018

Jay G. Williams III, Esq.
Bar Roll No. 501318
Attorney for the Debtor
FELT EVANS, LLP
4-6 North Park Row
Clinton, NY 13323
Tel. (315) 853-4436